IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, A NATIONAL ASSOCIATION, Appellant, vs. SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 76952 FILED MAR 0 2 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY DEPUTY CLERK |

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court order granting summary judgment in a declaratory relief and quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Having considered the parties' arguments and the record on appeal, we conclude that the district court did not abuse its discretion by striking appellant's evidence. We review a district court's decision to admit or exclude evidence for an abuse of discretion. *M.C. Multi-Family Dev., LLC v. Crestdale Assoc.'s, LTD.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008). Appellant supported its summary judgment motion with, amongst other documents, printouts from Fannie Mae and JPMorgan Chase databases, and declarations from John Curcio and Mathew Dudas authenticating these records. However, respondent filed a motion to strike the evidence on the ground that it was not timely disclosed during discovery. NRCP 16.1 sets forth the time limits for required disclosures; while NRCP 26(e)(1) sets forth a party's duty to supplement such disclosures during discovery. *See* NRCP

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-08329

16.1(a)(1) (2017); NRCP 26(e)(1) (2017). Discovery sanctions are warranted for failure to comply with discovery obligations unless the delayed disclosures are substantially justified or harmless. *See* NRCP 37(c)(1) (2017); *Capanna v. Orth*, 134 Nev. 888, 894, 432 P.3d 726, 733 (2018) (explaining that under NRCP 37(c)(1), a party cannot use at trial any witness or information not disclosed unless the party shows a substantial justification for the failure to disclose or the failure is harmless). The district court determined that because the evidence related to a "pivotal and dispositive" issue in the case, NRCP 16.1 required disclosure. The record demonstrates that the district court based its decision to grant respondent's motion to strike on the conclusion that appellant's delayed disclosures were not substantially justified or harmless. Thus, we conclude the district court did not abuse its discretion by striking this evidence.[2]

Additionally, we conclude that appellant timely asserted its homeowner-payment argument regarding the homeowner's satisfaction of the super-priority portion of the HOA lien. We further conclude that the district court erred in its decision not to address the homeowner-payment argument based on the parties' stipulation. The parties stipulated that the October 26, 2016, order granting summary judgment would be vacated so the district court could determine issues related to the Federal Foreclosure Bar, but that all other aspects of the summary judgment order would remain in place. However, the record demonstrates that this order did not fully address the homeowner-payment issue. Thus, we reverse the district

---

[2]Appellant argues that its evidence was sufficient to establish Fannie Mae's interest in the subject property. Because we conclude that the district court did not abuse its discretion by striking appellant's evidence, we decline to address whether JPMorgan Chase can prevail at trial based upon documents previously exchanged by the parties during discovery.

court's conclusion that it could not address the homeowner-payment issue. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Silver

STIGLICH, J., concurring in part and dissenting in part:

While I concur with the majority that it is necessary to remand this case to the district court to address the homeowner-payment argument, I disagree with the majority regarding the district court's grant of summary judgment on the issue of proof of ownership interest. I agree with appellant's argument that the late disclosure was harmless. Accordingly, I conclude the district court abused its discretion by striking this evidence.

_____, J.
Stiglich

cc:     Hon. James Crockett, District Judge
        Janet Trost, Settlement Judge
        Ballard Spahr LLP/Las Vegas
        Ballard Spahr LLP/Washington DC
        Kim Gilbert Ebron
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk